Travis W. Misfeldt, OSB #072082
Email:  travis@speerhoyt.com
SPEER HOYT LLC
975 Oak Street, Suite 700
Eugene, Oregon 97401
Telephone:  541-485-5151
Facsimile:  541-485-5168

Attorneys for Defendants
SUMMIT FUNDING, INC. and DAVID KAMMERER

## UNITED STATES DISTRICT COURT

## DISTRICT OF OREGON

## (EUGENE DIVISION)

| | |
|---|---|
| DEAN SCHMIDT | ) Case No.: _____ |
| | ) |
| Plaintiff, | ) **DEFENDANT SUMMIT FUNDING,** |
| | ) **INC.'S NOTICE OF REMOVAL OF** |
| v. | ) **CIVIL ACTION TO THE UNITED** |
| | ) **STATES DISTRICT COURT, DISTRICT** |
| | ) **OF OREGON, EUGENE DIVISION,** |
| SUMMIT FUNDING, INC., a California | ) **WITH DEFENDANT DAVID** |
| corporation; and DAVID KAMMERER, | ) **KAMMERER'S CONSENT TO** |
| | ) **AND JOINDER IN REMOVAL** |
| Defendants. | ) |

**TO:    THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF OREGON, EUGENE DIVISION**

PLEASE TAKE NOTICE that Defendant SUMMIT FUNDING, INC., a California

corporation ("Summit"), hereby removes the above-captioned action to this Court from

the Circuit Court of the State of Oregon for Lane County, in which it is currently pending

as Case No. 16-15-02775, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446.

As grounds for the removal of this action, Summit states as follows:

1.     This action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331, and is one which may be removed to this Court pursuant to 28 U.S.C. § 1441(a), in that it is a civil action arising in part under the laws of the United States; specifically, the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.  The FLSA provides for jurisdiction in this Court under 29 U.S.C. § 216(b).

2.     Summit is informed and believes and thereon alleges that, on February 13, 2015, Plaintiff DEAN SCHMIDT ("Plaintiff") filed a civil action in the Circuit Court of the State of Oregon for Lane County ("Circuit Court"), entitled DEAN SCHMIDT v. SUMMIT FUNDING, INC., a California corporation; and DAVID KAMMERER, designated as Case No. 16-15-02775 ("the Action"). Plaintiff's Complaint alleges violations of the FLSA against Summit in its Second Cause of Action. A true and correct copy of Plaintiff's Summons and Complaint in the Action is attached hereto as Exhibit A and incorporated herein by this reference.

3.     The Second Cause of Action in Plaintiff's Complaint also claims violations of Oregon's wage and hour laws in addition to Plaintiff's FLSA claims. Summit and Defendant David Kammerer ("Kammerer") are both named as defendants in the First Cause of Action in Plaintiff's Complaint, which claims breach of partnership duties and requests related remedies.  Like the Oregon wage and hour claims made in Plaintiff's Second Cause of Action, the claims made in Plaintiff's First Cause of Action arise from a common nucleus of operative facts with Plaintiff's FLSA claims.  This Court should take supplemental jurisdiction over Plaintiff's Oregon wage and hour claims and the

claims made in Plaintiff's Second Cause of Action under 28 U.S.C. § 1367 as claims

that are so related to Plaintiff's FLSA claim that they form the same case or controversy

under Article III of the United States Constitution.

    4.    Summit and Kammerer acknowledged receipt and accepted service by

mail of the Summons and Complaint through California attorney Alden J. Parker and his

firm, Weintraub Tobin, on March 18, 2015. Mr. Parker will be seeking special admission

pro hac vice under LR 83-3 at or around the time this Notice of Removal is filed and

can, if admitted to practice before this Court pro hac vice, be expected to serve as lead

attorney for both defendants in this case.  Plaintiff's service of the Summons and

Complaint to Summit and Kammerer ("Defendants") was effective March 18, 2015. See

OR. R. CIV. PROC. 7(D)(2)(d)(ii). A true and correct copy of Defendants' notice of

acceptance of service of the Summons and Complaint by mail is attached hereto as

Exhibit B and incorporated herein by this reference.

    5.    This Notice of Removal is timely, as it is filed within thirty (30) days after

Defendants were effectively served with a copy of the Summons and Complaint in the

Action, and within one year after the Action was filed. See 28 U.S.C. § 1446(b) (setting

a 30-day deadline to remove a civil action to federal court, which begins running when

the defendant is served with the initial pleading); Murphy Brothers, Inc. v. Michetti Pipe

Stringing, Inc., 526 U.S. 344, 347-48, 119 S. Ct. 1322, 1325, 143 L. Ed. 2d 448, 455

(1999) (holding that "mere receipt of the complaint unattended by any formal service"

does not trigger the deadline to remove a civil action).

6.      Venue lies in the United States District Court for the District of Oregon, Eugene Division, pursuant to 28 U.S.C. §§ 1391 and 1441(a).  The Action was filed in this district, and the Action arose in this district.  See 28 U.S.C. § 117.

7.      No bond is required for removal. Rezendes v. Dow Corning Corp., 717 F. Supp. 1435, 1438 n.2 (E.D. Cal. 1989). Other than Exhibits A and B, Summit is unaware of other pleadings, orders, or notices filed or issued in the Action. Written notice of the removal will be given to counsel for Plaintiff and a copy of this Notice will be filed with the Circuit Court promptly after this notice of removal is filed.

8.      The undersigned attorneys represent Kammerer in the Action.  Kammerer consents to and joins in Summit's removal of the Action by the signature below.

WHEREFORE, Summit hereby removes the Action now pending against it in the Circuit Court to the United States District Court for the District of Oregon, Eugene Division, with Kammerer's consent and joinder as set forth above.

DATED this 15th day of April 2015.

SPEER HOYT LLC


By:      s/Travis W. Misfeldt
         Travis W. Misfeldt, OSB #072082
         Email:  travis@speerhoyt.com
         975 Oak Street, Suite 700
         Eugene, OR 97401
         Telephone:  (541) 485-5151
         Fax:  (541) 485-5168

         Attorneys for Defendants SUMMIT
         FUNDING, INC. and DAVID KAMMERER