UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

DEAN SCHMIDT;                                                                6:15-CV-0640-TC

                     Plaintiff,

          v.                                                                FINDINGS and RECOMMENDATION

SUMMIT FUNDING, INC., a California
corporation; and DAVID KAMMERER,

                     Defendants.

COFFIN, Magistrate Judge:

INTRODUCTION

Plaintiff brings two claims in this action: 1) breach of partnership duties; and 2) violations of the Fair Labor Standards Act and Oregon wage and hour laws. Presently before the court is defendants' motion (# 8) to dismiss plaintiff's claim for breach of partnership duties. Such motion should be denied.

Page 1 - FINDINGS and RECOMMENDATION

## STANDARDS

The Federal Rules of Civil Procedure provide for dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12 (b)(6). In considering a motion to dismiss made pursuant to 12(b)(6), the court views well pleaded factual allegations as true, but also requires the complaint to contain enough facts to state a claim that is plausible on its face. Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007) (concluding that prior review standard –affirming dismissal only when it appears beyond doubt that plaintiffs can prove "no set of facts" in support of their claim that would entitle them to relief – "has earned its retirement.")

The requirements for pleading a federal claim in federal court were recently set forth in Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009):

> As the Court held in Twombly, 127 S.Ct. 1955, the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.... To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

Id. at 1949.

## FACTUAL BACKGROUND

Plaintiff alleges that he and defendants, as joint venturers, engaged in the business of providing mortgage lending services to customers.

Plaintiff alleges that the parties agreed to certain divisions of partnership proceeds and that

Page 2 - FINDINGS and RECOMMENDATION

plaintiff contributed office furniture and trade secrets for the joint ventures. Paragraph 4 of Complaint (#1-1).

Plaintiff also asserts that "[i]n addition to the relationships described above, plaintiff and defendants executed a 'Branch Manager Employment Agreement ' in or around April, 2009, in which defendant Summit describes various employment, <u>partnership</u>, and franchise rights and obligations." <u>Id</u>. at Paragraph 5 (emphasis added).

Plaintiff alleges "[i]n or about 2012, Defendant Summit purported to terminate plaintiff's <u>employment</u>. Thereafter, defendants ceased any further division of profit from the parties' joint ventures, excluded plaintiff from joint ventures and, on information and belief, continued to pursue partnership business." <u>Id</u>. (emphasis added).

Among other things, plaintiff asserts that defendants have failed to distribute any proceeds of the joint ventures, improperly retained proceeds from the joint ventures, improperly retained and used plaintiff's trade secrets, and excluded plaintiff from the use of partnership property. <u>Id</u>. at Paragraph 7-8.

## DISCUSSION

Plaintiff contends the claim for breach of partnership duties should be dismissed as it was filed outside of the two year statute of limitations for breach of fiduciary duties.

Defendant contends the claim should not be dismissed as it was filed within the six year statute of limitations for claims based on contractual duties.

Plaintiff has adequately pled a claim for breach of partnership duties that allows the court to draw reasonable inferences that defendant is liable for the conduct alleged. Plaintiff has adequately

Page 3 - FINDINGS and RECOMMENDATION

alleged breaches of a contractually specified duty of performance, and, as such, the six year statute of limitations for claims based on contractual duties applies at this point in the proceedings.

Plaintiff does not dispute that, in some cases, ORS 12.110 (1), governs claims for breach of fiduciary duty. However, such statute does not govern claims for breach of fiduciary where, like here, the basis of the claim is contractual. See Assn. Of Unit Owners v. Far West Federal Bank, 120 Or. App. 125, 133 (1993).

Specifically, whether a plaintiff's "claim for breach of fiduciary duty is time barred depends on when it arose and whether it is based on ... a contractual relationship among the parties." The two year statute of limitations applies where the claim is not based on contract. Id. The six year statute of limitations applies where the claim is based on contract. Id.; see also ORS 12.080 (1). A breach is contractual if the duty is derived from contract. Halsey v. Automotive Imports Inc. v. Schmidt, 2014 WL 6848010, at * 5-6. (D. Or.)

The complaint here alleges breaches of a contractually specified duty of performance. Specifically, plaintiff alleges that the parties agreed to certain divisions of partnership proceeds and that plaintiff contributed office furniture and trade secrets for the joint ventures. Paragraph 4 of Complaint (#1-1).

Plaintiff also asserts that "[i]n addition to the relationships described above, plaintiff and defendants executed a 'Branch Manager Employment Agreement' in or around April, 2009, in which defendant Summit describes various employment, partnership, and franchise rights and obligations." Id. at Paragraph 5 (emphasis added). Plaintiff then alleges that defendant beached the obligations that arose from those contracts. Id. At Paragraphs 5, 7, 8 and 10. Accordingly, plaintiff's sufficient pleadings, accepted as true at this point in the proceedings, indicate that

plaintiff's breach of partnership claim is contractual in nature and is timely as the six year statute of limitations applies.

## CONCLUSION

Defendants' motion (#8) to dismiss should be denied and plaintiff's claim for breach of partnership duties should remain in this action at this point in the proceedings.

DATED this 2 day of June, 2015.

_____
THOMAS M. COFFIN
United States Magistrate Judge

Page 5 - FINDINGS and RECOMMENDATION