IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON
EUGENE DIVISION

DEAN SCHMIDT,

    Plaintiff,

v.

SUMMIT FUNDING, INC., a California corporation; and DAVID KAMMERER,

    Defendants.

Case No. 6:15-cv-0640-TC

ORDER

**MCSHANE, Judge:**

    Magistrate Judge Thomas M. Coffin filed a Findings and Recommendation, ECF No. 15, and the matter is now before this court. *See* 28 U.S.C. § 636(b)(1)(B), Fed. R. Civ. P. 72(b). Defendants filed a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), ECF No. 8; plaintiff responded, ECF No. 11. In his report, Judge Coffin recommended that defendants' motion be denied, and defendants filed objections, ECF No. 17. Plaintiff responded to defendants' objections, ECF No. 18. I have reviewed the file of this case *de novo*. *See* 28 U.S.C. § 636(b)(1)(C); *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981). I find no error and conclude the report is correct.

    Defendants present two objections to Judge Coffin's report. First, defendants contend that plaintiff's complaint should properly be construed as a torts claim, and that Judge Coffin erroneously "treat[ed] [plaintiff's claim] as though it were a garden-variety breach-of-contract

1 – ORDER

claim." Defs.' Obj. 2, ECF No. 17. Second, defendants contend that plaintiff's breach-of-contract claim has been inadequately pleaded. *Id.* at 7. I am not persuaded by either objection.

Defendants contend that plaintiff's breach-of-contract claim is actually an artfully pleaded torts claim. *Id.* at 2. I disagree. Defendants argue that plaintiff in his complaint failed to allege "'any **specific** contract [provision]'" that would have given rise to "'the fiduciary duties that were allegedly breached.'" *Id.* at 5 (quoting *Ass'n of Unit Owners of Inn at Otter Crest v. Far West Fed. Bank*, 120 Or. App. 125, 133 (1993)) (boldface and emphasis added by defendants). Such an omission, defendants argue, "confirm[s] that the claim in question is pled as a tort." *Id.* at 6. However, defendants misrepresent *Association of Unit Owners*. In their recitation of that precedent, defendants quote the case erroneously, substituting their word, "provision," in place of the court's words, "or other relationship." *See Ass'n of Unit Owners*, 120 Or. App at 133 ("The pleadings allege a 'joint venture' in the operation of the Inn, but they do not allege any specific contract *or other relationship* with defendants that gives rise to the fiduciary duties that were allegedly breached.") (emphasis added). Consequently, defendants present a fallacious standard—i.e., the identification of a specific contract provision—by which to assess whether plaintiff's complaint sounds in contract law or in torts.

Here, plaintiff's complaint alleges the existence of a "relationship" between defendants and himself. In his complaint, plaintiff alleges that "[t]he parties agreed to certain divisions of partnership proceeds and began conducting business in or about 2009. Plaintiff invested time, intellectual property and certain assets, including office furniture and trade secrets, to the joint ventures." Compl. ¶ 4, ECF No. 1-1. Plaintiff further alleges that "[p]laintiff and [d]efendants executed a 'Branch Manager Employment Agreement' in or about April, 2009, in which Defendant Summit describes various employment, partnership and franchise rights and

2 – ORDER

obligations." *Id.* at ¶ 5. Thus, while plaintiff does not refer to a "specific contract provision" in his complaint, he does allege the existence of both a contract *and* a "relationship" that gave rise to the duties allegedly breached by defendants. *Id.* I therefore affirm Judge Coffin's construction of plaintiff's and defendants' relationship as a contractual arrangement that gave rise to certain obligations extending beyond the mere fiduciary obligations inherent to a partnership.

Defendants further contend that plaintiff's breach-of-contract claim is inadequately pleaded. Defs.' Obj. 7, ECF No. 17. I disagree. Plaintiff has adequately alleged: (1) the existence of a contract; (2) the relevant terms of the contract; (3) plaintiff's full performance of the contract; and (4) resulting damages. *See Fleming v. Kids & Kin Head Start*, 71 Or. App. 718, 721 (1985). Thus, I find that plaintiff has pleaded with sufficient factual specificity to survive a 12(b)(6) motion to dismiss. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Magistrate Judge Coffin's Findings and Recommendation, ECF No. 15, is adopted in full. Defendants' motion to dismiss, ECF No. 8, is DENIED.

IT IS SO ORDERED.

Dated this 13 day of August, 2015.

_____

**Michael J. McShane**
**United States District Judge**

3 – ORDER